UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| CMFG LIFE INSURANCE COMPANY, f/k/a CUNA MUTUAL INSURANCE SOCIETY, | ) ) ) ) ) | |
| Interpleader Plaintiff, | ) ) | |
| v. | ) ) | CV415-287 |
| MARCIA BASHLOR HARRISON, | ) ) ) | |
| Defendant, Cross-Claimant and Cross-Defendant, | ) ) ) | |
| and BEVERLY BASHLOR TAYLOR, | ) ) ) ) | |
| Defendant, Cross-Claimant and Cross-Defendant. | ) ) | |

## ORDER

Hilda Bashlor moves to intervene to protect her claim for annuity proceeds currently deposited in the registry of this Court. Despite the procedural irregularities in her motion, there is a preference for permitting intervention in this Circuit in close cases. *See Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216

(11th Cir. 1993) ("Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action."); *see also Ohio Sec. Ins. Co. v. Newsome*, 2015 WL 1419341 at * 8 (S.D. Ga. March 27, 2015). Given that preference, her motion to intervene is **GRANTED**.

I. **BACKGROUND**[1]

Ralph Morris Bashlor, Sr., Hilda Bashlor's late husband, purchased two annuities from CMFG Life Insurance Company and named her as the primary beneficiary. Doc. 1 at ¶¶ 7, 10; doc. 23 at 6-7, ¶ 6. CMFG received "Change of Beneficiary" forms for both annuities in May 2013 and April 2015. The first purported to make defendants co-primary

---

[1] Defendants Marcia Bashlor Harrison and Beverly Bashlor Taylor (Marcia and Beverly) argue that Hilda's allegations should not be considered in support of her motion to intervene "because [the motion] is neither substantiated, sworn/verified, nor declared (per 28 U.S.C. § 1746) . . . ." Doc. 30 ¶ 18; doc. 31. But there is no general requirement that pleadings be sworn, or otherwise supported by evidence. *See* Fed. R. Civ. P. 11(a) (stating "unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit"). The well-pleaded non-conclusory factual allegations asserted in a motion to intervene, and accompanying pleading, are taken as true for purposes of evaluating the motion. *See Dudley v. Se. Factor & Fin. Corp.*, 57 F.R.D. 177, 184 (N.D. Ga. 1972) ("[F]or purposes of judging the satisfaction of the conditions for intervention of right the well pleaded allegations of the proposed complaint are taken as true"); *see also Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981) ("motions to intervene are usually evaluated on the basis of well pleaded matters in the motion, the complaint, and any responses of opponents to intervention"). The Court therefore will accept Hilda's allegations, both in her motion and incorporated pleading, as true.

beneficiaries, while the second aimed to make Beverly the sole beneficiary. Doc. 1 at ¶¶ 8-9. Marcia and Hilda dispute the forms' effects. Doc. 7 at ¶¶ 8-9 (admitting the May 2013 forms and their effect, but alleging that the April 2015 forms were the result of Beverly's "undue influence"); doc. 23 at ¶¶ 3, 13-14. Morris died in August 2015, doc. 1 at ¶ 10, after which CMFG filed this action to interplead the proceeds, doc. 1 at ¶¶ 13-14.

The Court dismissed CMFG after it deposited the funds. Doc. 11. Marsha and Beverly then settled their claims against each other and agreed to a division of the interpleaded funds. Doc. 21 at ¶ 2. On May 25, 2016, they moved the Court to disburse those funds to them. Doc. 21. Hilda moved to intervene six days later. Doc. 23.

Because Marsha and Beverly insist that Hilda moved too late, doc. 30 at ¶ 14-15; doc. 31[2], some additional background is warranted. Hilda first sought to intervene by filing an "Answer and Crossclaims of Defendant Hilda Hallows Bashlor" on May 31, 2016. Doc. 23. On June 13, 2016, she formally opposed (via opposition brief) the defendants' disbursement motion. Doc. 24. Marcia and Beverly then moved to

---

[2] Beverly's response, doc. 31, "adopts and incorporates" Marcia's response, doc. 30. All references to Marcia's response, therefore, should be construed as their joint response.

3

dismiss "and/or" strike Hilda's pleading. Docs. 25 and 27.[3] Meanwhile, Hilda had waited about two months after defendants' dismissal motions to formally move to intervene. Doc. 29. She explained that she had intended to file the pleading and motion together, but omitted the motion due to an "administrative error." Doc. 29 at 2. After defendants responded to her motion, she filed a document entitled "Brief in Support of Motion to Intervene and Reply to Defendants' Opposition to Motion to Intervene." Doc. 33. There, for the first time, she argued that she satisfied Rule 24's intervention criteria. *Id.*

Hilda does *not* explain, however, why she did not raise her arguments in her motion, as required by the Local Rules. *See generally* doc. 33; doc. 29 (stating, in support of intervention, that she "has a clear

---

[3] Both motions rely on Hilda's purporting to file her "Answer and Crossclaim," without having first sought and obtained an intervention order. *See* docs. 25 and 27. Hilda failed to file any response to those motions, indicating that they were unopposed. S.D. Ga. Loc. Civ. R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.") Her motion to intervene incorporated the previously filed Answer and Crossclaim to satisfy the requirement of Rule 24(c). *See* Fed R. Civ. P. 24(c) (requiring that a motion to intervene be "accompanied by a pleading that sets out the claim or defense for which intervention is sought"). In the Eleventh Circuit, as in a majority of other circuits, "nonprejudicial technical defects" in motions to intervene are disregarded. *Piambino v. Bailey*, 757 F.2d 1112, 1121 (11th Cir. 1985). Hilda's Answer and Crossclaim provided notice of the substance of her claims in this matter. Thus, even if her original pleading failed to satisfy Rule 24, her subsequent motion incorporating it cured her intervention motion's procedural defect. Incidentally, the defense motions to dismiss Hilda's claim to the annuity proceeds remain before the district judge. Docs. 25 and 27.

interest relating to this matter, and is so situated that the disposition of this action my impair or impede her ability to protect her interest in the life insurance proceeds [sic] that are the subject of this action); S.D. Ga. Loc. Civ. R. 7.1(b) (requiring every motion to "cite to supporting legal authorities," and allowing supporting memorandum and motion to be filed as one document). Despite the introduction of novel arguments in her reply, and because of this Court's duty to advance Fed. R. Civ. P. 1's "just, speedy, and inexpensive determination" command (hence, its unlimited reply brief policy),[4] the Court will consider them.

## II. ANALYSIS

Hilda can intervene in one of two ways: by showing a right to intervene or with the Court's permission.[5] *See* Fed. R. Civ. P. 24(a)-(b). A right to intervene requires (1) a timely motion, and (2) an interest relating to the property or transaction at issue, which (3) might be

---

[4] *See Waddy v. Globus Medical, Inc.*, 2008 WL 3861994 at * 1 (S.D. Ga. Aug 18, 2008) ("[P]arties may file as many reply briefs as they want.") (citing *Podger v. Gulfstream Aerospace Corp.*, 212 F.R.D. 609, 609 (S.D. Ga. 2003)); *see also* S.D. Ga. Loc. Civ. R. 7.6 (authorizing reply briefs but imposing notice requirements and time limits); *Brown v. Chertoff*, 2008 WL 5190638 at * 1 n. 2 (S.D. Ga. Dec. 10, 2008) (reminding that "[o]nce the initial round of briefs have been filed, subsequent replies run the risk of 'sudden death.' That is, the Court is free to issue its decision at any time.").

[5] Permissive intervention requires a timely motion showing a claim or defense that shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b)(1)(B). Since Hilda has a right to intervene, the Court does not need to consider whether to grant permission.

practically impeded or impaired by the disposition of the action, and (4) is inadequately represented by the existing parties. *Angel Flight of Ga., Inc. v. Angel Flight of Am., Inc.*, 272 F. App'x 817, 819 (11th Cir. 2008). "Once a party establishes all the prerequisites to intervention, the district court has no discretion to deny the motion." *United States v. Georgia*, 19 F.3d 1388, 1393 (11th Cir. 1994).

A motion to intervene must be timely, but "timeliness" has no exact definition. *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1259 (11th Cir. 2002). Determination of timeliness is committed to the Court's discretion, *United States v. Jefferson Cty.*, 720 F.2d 1511, 1516 (11th Cir. 1983), and it "is to be determined from *all the circumstances.*" *Nat'l Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 366 (1973) (emphasis added). There are four factors for evaluating timeliness: (1) the length of time the proposed intervenor knew or reasonably should have known of his interest in the case before moving; (2) the extent of any prejudice to the existing parties caused by the proposed intervenor's delay; (3) the extent of any prejudice to the proposed intervenor if the motion is denied; and (4) whether there are

any "unusual circumstances" weighing for or against timeliness. *Jefferson Cty.*, 720 F.2d at 1516.

The Court cannot evaluate the first factor -- the length of any delay between Hilda's discovery of her interest in this action and her motion -- because she has failed to disclose when or how she learned of this case. *See* doc. 29 (no mention of timeliness); doc. 33 at 3, ¶ 15 (stating that she exercised "proper due diligence"); *id.* at 6 (discussing reasons she did not discover action sooner and stating she moved "[a]s soon as was practicable").[6]

Nevertheless, there are mitigating facts. Even the longest possible delay, between the October 2015 commencement of this action and Hilda's reply, is not sufficient alone to deem her motion untimely. *See Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1125-6 (5th Cir. 1970) (passage of a year after knowledge of suit not untimely under the circumstances, and citing cases allowing intervention after longer delays); *Ohio Sec. Ins. Co.*, 2015 WL 1419341 at * 6 (finding "several month" delay did not make motion untimely). Even if she knew of this action from its filing,

---

[6] Hilda states that she "filed her Motion to Intervene" on June 16, 2016. Doc. 33 at 6. In fact, she filed it August 16, 2016. Doc. 29. She filed her Answer on May 31, 2016. Doc. 23. She responded to defendants' motion to distribute the funds on June 14, 2016. Doc. 24. Finally, she did not file her reply brief, which includes her first argument in favor of intervention, until September 14, 2016.

Hilda's motion is not necessarily untimely; thus, the Court will focus on the other factors in determining timeliness.

The next factor is prejudice. Marcia and Beverly argue that they would be prejudiced by Hilda's intervention, given the pendency of their settlement. *See* doc. 30 at 4, ¶15. But prejudice here is limited to prejudice *caused by the intervenor's delay in moving. See Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977) ("the prejudice to the original parties to the litigation that is relevant to the question of timeliness is only that prejudice which would result from the would-be intervenor's failure to request intervention as soon as he knew or reasonably should have known about his interest in the action"). Defendants do not discuss when they contend Hilda knew or should have known about this action, *see* doc. 30, so it is impossible to determine whether the alleged prejudice was caused by her delay.

Disruption of a settlement (what Marcia and Beverly claim here) may be a basis for denying intervention as untimely. *See Cohen v. Republic of the Philippines*, 146 F.R.D. 90, 92 n. 2 (S.D.N.Y. 1993) ("[A] motion to intervene may be denied when it would jeopardize an existing settlement.") But the settlement here occurred relatively early in this

litigation and thus does not justify the denial of intervention. *See id.* (rejecting argument that disruption of pending settlement precluded intervention where "proceedings have not reached . . . an advanced stage"). Hilda's intervention, at worst, will delay final adjudication of their respective rights, and "mere delay" on those grounds "is not a relevant consideration." *Meek v. Metro. Dade Cty. Fla.*, 985 F.2d 1471, 1479 (11th Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324 (11th Cir. 2007). The money, after all, isn't going anywhere.

Speaking of (the third factor) prejudice, that factor *supports* Hilda. She claims a superior interest in the interpleaded funds. *See* doc. 23, at 2, ¶ 3, and at 8, ¶¶ 12-14. If intervention is denied, her only alternative to protect that alleged interest would be to pursue additional litigation. *See* doc. 33, at 7 (stating that denial of intervention "will likely require an additional lawsuit"). That's enough. *See Cohen*, 146 F.R.D. at 92; *see also John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992) (finding intervenor, claiming interest in interpleaded painting, would suffer prejudice if painting were "award[ed] to an adverse party," and

9

intervenor were "compell[ed] ... to institute a separate action either to recover the painting or for damages").

The "unusual circumstances" factor also weighs in Hilda's favor. On the one hand, her unexplained failure to follow proper procedure to intervene weighs against her. *See* doc. 30 ¶ 20 (motions to dismiss pleading put Hilda on notice of defects in her pleading, but she took no corrective action until, at earliest, approximately two months later, and without substantial explanation). But two considerations tip the balance in her favor: (1) the promotion of interpleader's purpose, which includes avoidance of additional litigation; and (2) the public policy choice to prefer intervention in close cases. The interpleader statute, after all, "was designed to bring into one court all of the claimants to a particular fund so that it could be equitably divided among all rather than being a race to the swift." *United States v. Sentinel Fire Ins. Co.*, 178 F.2d 217, 225 (5th Cir. 1949). Hence, courts have recognized that interpleaders often present particularly appropriate cases for intervention. *See MGM Grand Hotel, Inc. v. Smith-Hemion Prods., Inc.*, 158 F.R.D. 677, 681 (D. Nev. 1994) (discussing *Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129 (1967) (Stewart, J. dissenting) (noting that interpleader

practice is a "traditional basis" for intervention, under Rule 24(a))). The general appropriateness of a claimant's intervention in an interpleader, along with "the Eleventh Circuit's preference of resolving related actions concurrently," *Ohio Sec. Ins. Co.*, 2015 WL 1419341 at * 8, trump the Court's untimeliness concerns.

Hilda also satisfies the other prerequisites of a right to intervene. She asserts that the interpleaded funds are rightfully hers. *See, e.g.,* doc. 23 at 2, ¶ 3. A claim of ownership of the property at issue in a suit is a sufficient interest to support intervention. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) ("an intervenor's interest in a specific fund is sufficient to entitle intervention in a case affecting that fund"); *John*, 141 F.R.D. at 35 (stating "claiming ownership of the [interpleaded property], which is the object of this litigation, ... satisfies the requirement that [the proposed intervenor] have a direct and protectable interest in this action"). Hilda's claim will be impeded if intervention is not granted because the funds will likely be disbursed to defendants and she will have to pursue a separate action to recover any funds to which she claims entitlement. *See John*, 141 F.R.D. at 35 ("awarding to an adverse party what [the

proposed intervenor] claims to own, and then compelling him to institute a separate action either to recover [the property] or for damages, burdens his interest"). Finally, since Hilda's alleged interest is adverse to the existing parties, they are clearly not adequate representatives. *See* 7C Fed. Prac. & Proc. § 1909 (3d ed. 2016) ("[I]f all existing parties are adverse to the absentee, then there is no adequate representation").

Because Hilda Bashlor has established the prerequisites of a right to intervene, the Court **GRANTS** her motion to intervene. Doc. 29. Again, the current parties' motions (docs. 25 and 27) to dismiss Hilda's claim to the annuity proceeds remain before the district judge.

**SO ORDERED**, this 27th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA