IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CMFG LIFE INSURANCE COMPANY, f/k/a CUNA Mutual Insurance Society, | ) ) ) ) | |
| Interpleader Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. CV415-287 |
| MARCIA BASHLOR HARRISON, | ) ) | |
| Defendant, Cross-Claimant, and Cross-Defendant, | ) ) ) ) | |
| BEVERLY BASHLOR TAYLOR, | ) ) | |
| Defendant, Cross-Claimant, and Cross-Defendant, | ) ) ) ) | |
| HILDA HALLOWS BASHLOR, | ) ) | |
| Defendant. | ) ) ) | |



# O R D E R

Before the Court are Defendants Harrison and Taylor's Joint Motion for Disbursement of Funds (Doc. 21), Defendant Harrison's Motion to Dismiss Filings of Hilda Hallows Bashlor (Doc. 25) and Motion to Strike (Doc. 37), and Defendant Taylor's Motion to Dismiss Hilda Hallows Bashlor's Cross-Claim (Doc. 27) and Motion to Strike (Doc. 38). In their motions seeking dismissal of Defendant Bashlor's claims, Defendants Harrison and Taylor contend

that Defendant Bashlor is not a proper party in this case because the Court never granted her leave to intervene in this matter. (Doc. 25 ¶¶ 7-9; Doc. 27 ¶¶ 7-9.) However, the Magistrate Judge subsequently granted Defendant Bashlor's Motion to Intervene. (Doc. 35.)

Undaunted, Defendants Harrison and Taylor moved to strike Defendant Bashlor's response to their motions to dismiss as being untimely. (Doc. 37 ¶ 6; Doc. 38 ¶ 6.) Defendants Harrison and Taylor reason that once the Court strikes Defendant Bashlor's response, their motions to dismiss should be granted as unopposed. As an initial matter, the Court will not strike Defendant Bashlor's response. Defendant Bashlor filed that response only ten days after being granted leave to intervene, which officially permitted her to file motions in this case. Accordingly, Defendants Harrison's and Taylor's Motions to Strike (Doc. 37; Doc. 38) are **DENIED**.

Even assuming the Court struck Defendant Bashlor's response, this Court would still not grant Defendants Harrison's and Taylor's motions to dismiss. Those motions were entirely based on Defendant Bashlor's failure to obtain permission to intervene in this case. (Doc. 25 ¶¶ 12-13; Doc. 27 ¶¶ 13-14.) She has since properly intervened in this case, thus removing the basis of

2

Defendants Harrison's and Taylor's motions. Accordingly, these motions are also **DENIED**.

Like it or not, Defendants Harrison and Taylor must confront Defendant Bashlor's claims to the interpled funds. It remains to be seen whether the parties can resolve their claims or further intervention by this Court will be necessary. Based on Defendant Bashlor's intervention in this case, however, Defendants Harrison and Taylor's Joint Motion for Disbursement of Funds (Doc. 21) must be **DENIED**.

SO ORDERED this 23rd day of March 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA